| | |
|---|---|
| BRYANT H. HARVEY, JR., #M51717, <br><br> Plaintiff, <br><br> v. <br><br> DEE DEE BROOKHART, <br> RUSSELL GOINS, <br> C/O KELLY, <br> LORRI CUNNINGHAM, <br> MCCASLIN, <br> MATT BOESECKER, <br> MCCARTHY, <br> BRIAN PURDUE, <br> T. STUCK, <br> SHELIA LEWIS, <br> GIVENS, <br> CARTER, <br> TAMMY WELTY, <br> PAMELA WARD, <br> LACIE LIVINGSTON, and <br> ILLINOIS DEPARTMENT OF <br> CORRECTIONS, <br><br> Defendants. | Case No. 20-cv-00040-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bryant Harvey Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that staff at Lawrence failed to protect him from his cellmate, provided him with inadequate medical treatment for his injuries, and have retaliated against him. He seeks monetary damages and injunctive relief.

On January 22, 2020, Harvey filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. 10). Because he seeks emergency injunctive relief, the Court will take up this matter without delay. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Harvey makes the following allegations: He is an A.D.A. inmate and is wheelchair bound due to his condition of sickle cell anemia. (Doc. 1, p. 6). Because his cellmate was threatening him, beginning on June 2, 2019, Harvey began sending offender request slips, filing grievances, and speaking to various staff at Lawrence asking for a cell change or that his cellmate be removed from his A.D.A. cell. (Doc. 1, pp 6-7). Neither he nor his cellmate were moved, and on July 19, 2019, his cellmate beat him over the head with a forearm crutch. (*Id.* at p. 7). During the assault he yelled, and Correctional Officer Lewis failed to come. (*Id.* at p. 9). He also pressed the panic button, but Correctional Officer Carter did not answer. (*Id.*). Harvey was taken to a community hospital to have ten staples placed into his head. (*Id.*). While in the infirmary following the assault, Ward and Welty failed to redress the bloody bandages on his head and denied him his medicine for

migraines and dizziness. (*Id.*).

Sometime after filing his grievances, correctional officers began making death threats to Harvey and putting bleach into his ice bag. (*Id.* at pp. 7, 30). On August 31, 2019, Harvey was taken to segregation. (*Id.* at p. 8). While in segregation, he went to the yard at the same time as his former cellmate, despite a KSF (keep separate from) order. His former cellmate attempted to spit on him and threatened Harvey and his family. (*Id.*). After three hours in the yard, staff removed Harvey. (*Id.*). Staff continue to threaten him with death and harm, have issued him a false disciplinary ticket and refused him breathing treatments for his collapsed lung and acute chest syndrome caused by his sickle cell anemia. (*Id.* at p. 9). On October 3, 2019, he received a letter from Warden Brookhart stating she would look into the allegations of staff misconduct. (*Id.* at p. 8).

On July 2, 2019, Lieutenant McCarthy spoke to Dr. Pittman about Harvey's daily laundry permit and complaints from laundry porters about Harvey's soiled clothes. (*Id.* at p. 8). Dr. Pittman told Lieutenant McCarthy to place Harvey in a cell alone or with his acting attendant due to Harvey's incontinence, but McCarthy did not move him. (*Id.*).

## PRELIMINARY DISMISSALS

Harvey lists Purdue, Stuck, Givens, Boesecker, and Livingston as defendants, but he fails to list them elsewhere in his complaint and describe how they violated his constitutional rights. Although he states that "all defendants" at all times did nothing to protect him from his cellmate (Doc. 1, p. 7), vague references to a group of defendants, without specific allegations tying an individual defendant to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants or meet the pleading standards of Federal Rule of Civil Procedure 8. *See Brooks v. Ross*, 578

F.3d 574, 580 (7th Cir. 2009); *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). Therefore, any claims against these defendants are dismissed without prejudice, and they shall be terminated from this action. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998).

Furthermore, Harvey cannot maintain his suit against the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Thus, IDOC is dismissed from this action with prejudice.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate following four Counts:

**Count 1:** Eighth Amendment failure to protect claim against McCaslin, Kelly, Brookhart, Cunningham, Goins, Lewis, Carter, and McCarthy for failing to protect Harvey from his cellmate after several complaints and requests to be moved, and cries for help.

**Count 2:** Eighth Amendment deliberate indifference to a serious medical need claim against Ward and Welty for failing to change Harvey's bandages and provide medication for his injuries following the attack.

**Count 3:** First Amendment retaliation claim against corrections officers for threatening Harvey, placing bleach in his ice bags, denying him breathing treatments, and allowing him in the yard at the same time as his former cellmate in retaliation for filing grievances.

**Count 4:** Eighth Amendment cruel and unusual punishment claim against corrections officers for threatening Harvey, placing bleach in his ice bags, denying him breathing treatment, and allowing him in the yard at the same time as his former cellmate.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

Harvey alleges that he informed Defendants McCaslin, Kelly, Brookhart, Cunningham, and Goins that he was being threatened by his cellmate, but they did nothing to ensure his safety. Additionally, Defendants Lewis and Carter did not come to Harvey's aid during the attack, despite Harvey yelling out and pressing the panic button. Based on these allegations, Count 1 will proceed against McCaslin, Kelly, Brookhart, Cunningham, Goins, Lewis, and Carter. *See Brown v. Budz*, 398, F.3d 904, 909 (7th Cir. 2005).

Count 1 is dismissed, however, against McCarthy. Harvey claims that McCarthy did not place him in a cell alone or with his attendant after speaking to Dr. Pittman about Harvey's incontinence. He does not allege that McCarthy knew he faced a substantial risk of serious harm from his cellmate and then disregarded that risk. *Id.* Furthermore, to the extent that Harvey is attempting to bring a deliberate indifference claim to a serious medical need unrelated to his claims of failure to protect and retaliation, that allegation is not properly joined in this lawsuit and is dismissed without prejudice. Harvey must pursue unrelated claims against different defendants in a separate action. *See* FED. R. CIV.

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

P. 18-21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

**Count 2**

Harvey claims that because of the attack he was sent to an outside hospital and received ten staples. Upon his return to Lawrence, he was held in the infirmary where nurses Ward and Welty did not change his head bandages or provide him medication for his migraines and dizziness. At this stage, Harvey has pled enough for Count 2 to proceed against Ward and Welty. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016).

**Counts 3 and 4**

Harvey alleges that "prison officials," "Defendants," and "Correctional Officers" continued to place him in immediate harm's way and made death threats against him after he filed grievances regarding his cellmate. (Doc. 1, pp. 7-). These claims will be dismissed, however, as Harvey fails to associate specific defendants with his allegations of retaliation and threats of harm. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). To state a claim against a defendant, Harvey must describe what each named defendant did, or failed to do, that violated his constitutional rights. As previously mentioned, vague references to a group of defendants, without specific allegations tying an individual defendant to the alleged unconstitutional conduct, do not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Counts 3 and 4 are dismissed without prejudice.

## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Harvey has filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction asking the Court to enjoin Defendants and other Lawrence staff from engaging in any harassment, retaliation, intimidation, and adverse conduct. (Doc. 10, pp. 1, 2).

In order to obtain relief, whether through a temporary restraining order or a preliminary injunction, Harvey must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the Motion, Harvey states that he is currently being housed in the healthcare unit due to the advance stages of the sickle cell anemia. (Doc. 10, p. 3). He claims that in retaliation for filing grievances he is currently being denied breathing treatments at his request, threatened harm by Defendants, receiving medication in his cup that he does not recognize, and not receiving assistance to use the restroom forcing him to defecate and urinate on himself.[2]

The Court has found that the Complaint, as drafted, fails to state a claim for retaliation, which makes it impossible for Harvey to prove that he is likely to succeed on the merits of that claim. Accordingly, Harvey's request for emergency injunctive relief

---

[2] Harvey also includes claims regarding past inadequate medical care including: (1) an incident where he was placed in a non A.D.A. complaint cell; (2) being denied medication; (3) being forced to sleep in a "Gerry Chair" for over a week because there was not enough beds; (4) an incident where he was given dextrose in his I.V. instead of sodium chloride; and (5) that he has not received avascular necrosis surgery ("AVN") that was approved in June 2018.

regarding retaliatory conduct by medical staff is denied.

The Court further notes that any claims for injunctive relief for medical treatment that is not related to Harvey's surviving failure to protect claim and inadequate medical care for his injuries resulting from the attack by his cellmate are outside the scope of the Complaint. *See Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (citations omitted). Harvey is **ADVISED** that if he wishes to pursue the unrelated claims regarding his medical treatment, he must do so by filing a separate case under 42 U.S.C. § 1983.

## OFFICIAL CAPACITY CLAIMS

Harvey asserts his claims against all Defendants in their official and individual capacities. (Doc. 1, p. 5). For the purposes of implementing any injunctive relief requested, Warden Brookhart remains a defendant in this action and is the most appropriate official capacity defendant. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). Allowing Harvey to proceed with an official capacity claim against the remaining defendants would be redundant. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (state official named in their official capacities may not be sued for monetary damages). Therefore, the official capacity claims against McCaslin, Kelly, Cunningham, Goins, Lewis, Carter, Ward, and Welty are dismissed with prejudice.

## RECRUITMENT OF COUNSEL

Harvey has filed a motion asking the Court to recruit counsel on his behalf, which is denied.[3] (Doc. 3). Harvey states that he has mailed letters and placed phone calls to

---

[3] In evaluating Harvey's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

attorneys in an attempt to retain counsel. He includes a letter from the Uptown People's Law Center requesting more information and documents from him regarding his claims and a letter from Equip for Equality declining him representation in a suit for damages and providing him a list of civil rights attorneys. Accordingly, he appears to have made reasonable efforts to retain counsel on his own.

With respect to his ability to pursue this action *pro se*, Harvey indicates that he has a mental illness and sickle cell anemia, and his medications cause him to forget things and severe drowsiness. Nonetheless, the Court finds that Harvey can proceed *pro se*, at least for now. His pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Harvey appears competent to try this matter without representation at this time. Once discovery has commenced, if he has significant difficulty, he may refile his motion.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. For the reasons stated, **Purdue, Stuck, Givens, Boesecker,** and **Livingston** are **DISMISSED** without prejudice and **Illinois Department of Corrections** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** will proceed against **McCaslin, Kelly, Brookhart, Cunningham, Goins, Carter,** and **Lewis,** but is **DISMISSED** against **McCarthy**. **COUNT 2** will proceed against **Ward** and **Welty**. **COUNTS 3** and **4** are **DISMISSED** without prejudice. The Clerk is **DIRECTED** to terminate **Purdue, Stuck, Givens, Boesecker, Livingston, McCarthy,** and **Illinois Department of Corrections** as defendants in this action.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (Doc. 3) and the Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 10) are **DENIED** without prejudice.

The Clerk of Court shall prepare for **McCaslin, Kelly, Brookhart, Cunningham, Goins, Lewis, Carter, Ward,** and **Welty**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Harvey. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Harvey, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant John Doe, once identified, need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Harvey, and the

judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Harvey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   January 27, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Harvey is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Harvey need not submit any evidence to the Court at his time, unless otherwise directed by the Court.