IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYANT H. HARVEY, JR., #M51717, <br><br> Plaintiff, <br><br> v. <br><br> DEE DEE BROOKHART, RUSSELL GOINS, C/O KELLY, LORRI CUNNINGHAM, A. MCCASLIN, MATT BOESECKER, MCCARTHY, BRIAN PURDUE, T. STUCK, SHELIA LEWIS, GIVENS, CARTER, TAMMY WELTY, PAMELA WARD, and LACIE LIVINGSTON, <br><br> Defendants. | Case No. 20-cv-00040-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bryant Harvey Jr., an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that staff at Lawrence failed to protect him from his cellmate, provided him inadequate medical treatment for his injuries, and have retaliated against him.

Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A,

Harvey was allowed to proceed on an Eighth Amendment failure to protect claim against McCaslin, Kelly, Brookhart, Cunningham, Goins, Carter, and Lewis (Count 1) and an Eighth Amendment deliberate indifference to a serious medical need claim against Ward and Welty (Count 2). (Doc. 11).

On February 11, 2020, Harvey submitted a Motion for Leave to File Amended Complaint, along with a proposed amended complaint. (Doc. 13). A few days later, he filed with the Court another Motion for Leave to File Amended Complaint and proposed amended complaint. (Doc. 14). Because the Motions and proposed amended complaints appear to be identical, the Court will deny the first motion as moot (Doc. 13), grant Harvey's second motion (Doc. 14),[1] and conduct a preliminary review under 28 U.S.C. § 1915A[2] of the proposed amended complaint submitted to the Court on February 14, 2020, now designated as the "First Amended Complaint."

Generally, the factual allegations set forth in the Court's initial Merit Review Order (Doc. 11) remain substantially similar; thus, the Court declines to recount the allegations set forth in the First Amended Complaint. Harvey, however, adds the following claims and information: (1) Harvey sent a request slip to Major Stuck and spoke personally to him, Sergeant Boesecker, Sergeant Purdue, and Lieutenant McCarthy about his cellmate threatening him and his requests to be moved; (2) a correctional officer called Lieutenant Givens to inform Lieutenant Givens about Harvey's problems with his cellmate;

---

[1] The Court finds that the motion is timely filed and complies with Federal Rule of Civil Procedure 15(a)(1).
[2] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

(3) Warden Brookhart and Warden of Operations Goins left Harvey and his cellmate at the same facility following the attack on July 19, 2019; (4) Grievance Counselor Livingston received Harvey's grievances before and after the assault and failed to notify anyone in authority to assist him; (5) he notified Warden Brookhart and Goins of the retaliation against him by correctional officers; and (6) Sergeant Boesecker, Sergeant Lewis, Nurse Welty, and Placement Officer Kelly retaliated against him after he started filing grievances.

Upon review of the First Amended Complaint, the Court finds that Harvey has plead the following claims:

**Count 1:** Eighth Amendment failure to protect claim against McCaslin, Kelly, Brookhart, Cunningham, Goins, Carter, Lewis, McCarthy, Stuck, Boesecker, Purdue, Givens, and Livingston for failing to protect Harvey from his cellmate after several complaints and requests to be moved, and cries for help.

**Count 2:** Eighth Amendment deliberate indifference to a serious medical need claim against Ward and Welty for failing to change Harvey's bandages and provide medication for his injuries following the attack.

**Count 3:** First Amendment claim against Boesecker, Lewis, Welty, Kelly, Brookhart, and Goins for retaliating against Harvey for filing grievances.

**Count 4:** Eighth Amendment deliberate indifference to a serious medical need claim against Welty, Lewis, and Boesecker for denying Harvey various medical treatments.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pleaded under the *Twombly*[3] pleading standard.**

### Count 1

For the reasons stated in the initial Merit Review Order (Doc. 11, p. 5), Count 1 will proceed against McCaslin, Kelly, Brookhart, Cunningham, Goins, Lewis, and Carter.

Count 1 will also proceed against Stuck, Boesecker, Purdue, McCarthy, Givens, and Livingston, who were informed that Harvey was being threatened by his cellmate but did nothing to ensure his safety. *See Brown v. Budz,* 398, F.3d 904, 909 (7th Cir. 2005).

To the extent that Harvey is attempting to hold Brookhart and Goins liable because he remained in the same facility as his cellmate following the attack, such claim is dismissed. Harvey claims that a month after the attack, despite a "keep separate order," he was placed in the yard for three hours with his former cellmate by prison officials. While on the yard, his former cellmate attempted to spit on him and threatened him. These allegations do not sufficiently plead deliberate indifference on the part of Brookhart and Goins. *See Pinkston v. Madry,* 440 F.3d 879, 889 (7th Cir. 2006).

### Count 2

Count 2 shall survive preliminary review for the reasons stated in the Court's initial Merit Review Order.

### Count 3

Harvey claims that in retaliation for filing grievances: (1) Boesecker made threats towards him, denied him breathing treatments, repeatedly refused to roll his door for

---

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

chow and dayroom, filed false disciplinary reports, and denied medical orders; (2) Lewis made threats, did not honor his medical permits, did not call health care when he was having respiratory distress; (3) Welty refused to allow him to go to health care for breathing treatments and medication; and (4) Kelly placed him in a cell that was not ADA compliant. Based on these allegations, Count 3 will proceed against Boesecker, Lewis, Welty, and Kelly. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Because Harvey claims he made Brookhart and Goins aware of the retaliatory conduct and they have done nothing to stop it, Count 3 will also proceed against Brookhart and Goins. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995).

### Count 4

Harvey states that he has sickle cell anemia, a collapsed lung, and avascular necrosis and that Welty refused to allow him to go to health care for breathing treatments and pain medicine, Lewis did not call medical when Harvey had respiratory distress causing him to go unconscious and did not honor his medical permits, and Boesecker denied him breathing treatments and medical orders. These claims are sufficient for Count 4 to survive screening. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) ("deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain") (citation omitted).

### OFFICIAL CAPACITY CLAIMS

Harvey again asserts his claims against all Defendants in their official and individual capacities. As stated in the initial Merit Review Order, Warden Brookhart is the most appropriate official capacity defendant to implement the injunctive relief

requested. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). Allowing Harvey to proceed with an official capacity claim against the remaining defendants would be redundant. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Therefore, the official capacity claims against McCaslin, Kelly, Cunningham, Goins, Lewis, Carter, Ward, Welty, Stuck, Boesecker, Purdue, McCarthy, Givens, and Livingston are dismissed with prejudice.

### RECRUITMENT OF COUNSEL

The Motion for Recruitment of Counsel shall remain pending (Doc. 21).

### DISPOSITION

Pursuant to Rule 15, and after review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** the Motion for Leave to File Amended Complaint (Doc. 14). The Clerk is **DIRECTED** to file the First Amended Complaint submitted on February 14, 2020. The previously filed Motion for Leave to File Amended Complaint (Doc. 13) is **DENIED as moot**.

**COUNT 1** will proceed against **McCaslin, Kelly, Brookhart, Cunningham, Goins, Carter, Lewis, McCarthy, Stuck, Boesecker, Purdue, Givens,** and **Livingston**. **COUNT 2** will proceed against **Ward** and **Welty**. **COUNT 3** will proceed against **Boesecker, Lewis, Welty, Kelly, Brookhart,** and **Goins**. **COUNT 4** shall proceed against **Welty, Lewis,** and **Boesecker.**

The Clerk of Court shall prepare for **McCarthy, Stuck, Boesecker, Purdue, Givens,** and **Livingston**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED**

to mail these forms, a copy of the First Amended Complaint, the initial Merit Review Order (Doc. 11), and this Memorandum and Order to each defendant's place of employment as identified by Harvey.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in the initial Merit Review Order and in this Merit Review Order. Defendants are **ADVISED** that the Court does not accept piecemeal answers.

**IT IS SO ORDERED.**

DATED:   May 19, 2020

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**